**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT TEASE,<br><br>Plaintiff,<br><br>v.<br><br>I-FLOW CORPORATION, et al.,<br><br>Defendants. | **ORDER & NOTICE & ORDER TO SHOW CAUSE**<br><br>CIVIL ACTION NO. 09-3964 (MLC) |
| RONNIE WHITE,<br><br>Plaintiff,<br><br>v.<br><br>I-FLOW CORPORATION, et al.,<br><br>Defendants. | CIVIL ACTION NO. 09-3970 (MLC) |
| SCOTT RICHARDS,<br><br>Plaintiff,<br><br>v.<br><br>I-FLOW CORPORATION, et al.,<br><br>Defendants. | CIVIL ACTION NO. 09-4002 (MLC) |
| ALONZO HILL,<br><br>Plaintiff,<br><br>v.<br><br>I-FLOW CORPORATION, et al.,<br><br>Defendants. | CIVIL ACTION NO. 09-4070 (MLC) |

```
PAT JOHNSON,                    :
                                :
      Plaintiff,                :   CIVIL ACTION NO. 09-4073 (MLC)
                                :
      v.                        :
                                :
I-FLOW CORPORATION, et al.,     :
                                :
      Defendants.               :
                                :
YVETTE MILLER                   :
                                :
      Plaintiff,                :   CIVIL ACTION NO. 09-4077 (MLC)
                                :
      v.                        :
                                :
I-FLOW CORPORATION, et al.,     :
                                :
      Defendants.               :
                                :
ARTHUR NEGRETE,                 :
                                :
      Plaintiff,                :   CIVIL ACTION NO. 09-4081 (MLC)
                                :
      v.                        :
                                :
I-FLOW CORPORATION, et al.,     :
                                :
      Defendants.               :
                                :
DANNY ALDRIDGE,                 :
                                :
      Plaintiff,                :   CIVIL ACTION NO. 09-4088 (MLC)
                                :
      v.                        :
                                :
I-FLOW CORPORATION, et al.,     :
                                :
      Defendants.               :
```

| | |
|---|---|
| LASWANN BEASLEY, | : |
| Plaintiff, | : CIVIL ACTION NO. 09-4089 (MLC) |
| v. | : |
| I-FLOW CORPORATION, et al., | : |
| Defendants. | : |

| | |
|---|---|
| CATHY BULLINGTON, | : |
| Plaintiff, | : CIVIL ACTION NO. 09-4091 (MLC) |
| v. | : |
| I-FLOW CORPORATION, et al., | : |
| Defendants. | : |

| | |
|---|---|
| ROBERT CARTER, | : |
| Plaintiff, | : CIVIL ACTION NO. 09-4093 (MLC) |
| v. | : |
| I-FLOW CORPORATION, et al., | : |
| Defendants. | : |

| | |
|---|---|
| BILL CHAMLEE, | : |
| Plaintiff, | : CIVIL ACTION NO. 09-4094 (MLC) |
| v. | : |
| I-FLOW CORPORATION, et al., | : |
| Defendants. | : |

```
CHRISTOPHER COMBS,              :
                                :
      Plaintiff,                :   CIVIL ACTION NO. 09-4096 (MLC)
                                :
      v.                        :
                                :
I-FLOW CORPORATION, et al.,     :
                                :
      Defendants.               :
                                :
MATTIE DARNELL,                 :
                                :
      Plaintiff,                :   CIVIL ACTION NO. 09-4097 (MLC)
                                :
      v.                        :
                                :
I-FLOW CORPORATION, et al.,     :
                                :
      Defendants.               :
                                :
DANNY DAVENPORT,                :
                                :
      Plaintiff,                :   CIVIL ACTION NO. 09-4098 (MLC)
                                :
      v.                        :
                                :
I-FLOW CORPORATION, et al.,     :
                                :
      Defendants.               :
                                :
DAISY GOHL,                     :
                                :
      Plaintiff,                :   CIVIL ACTION NO. 09-4101 (MLC)
                                :
      v.                        :
                                :
I-FLOW CORPORATION, et al.,     :
                                :
      Defendants.               :
```

```
                                    :
GERALD COX,                         :
                                    :
      Plaintiff,                    :    CIVIL ACTION NO. 09-4134 (MLC)
                                    :
      v.                            :
                                    :
I-FLOW CORPORATION, et al.,         :
                                    :
      Defendants.                   :
_____ :
```

**THE SEPARATE PLAINTIFFS** — none of whom are New Jersey citizens — brought these separate actions on July 6, 2009, against the defendants I-Flow Corporation, Stryker Corporation, Stryker Sales Corporation, McKinley Medical, LLC ("MMLLC"), Moog Inc., Curlin Medical, Inc., Astrazeneca Pharmaceuticals LP, Astrazeneca LP ("ALP"), Zeneca Holdings Inc., Hospira, Inc., and Abbott Laboratories (collectively "Removing Defendants"), and the defendant Eastman Kodak Company ("EKC"), in state court to recover damages for personal injuries based on products liability.  See, e.g., Tease v. I-Flow Corporation, No. 09-3964, dkt. entry no. 1, Compl.  The Removing Defendants removed these separate actions based on jurisdiction under 28 U.S.C. § ("Section") 1332.  See, e.g., No. 09-3964, dkt. entry no. 1, Rmv. Not.  EKC has yet to appear.  The parties are **NOTIFIED** of, and the Removing Defendants are **ORDERED TO SHOW CAUSE** as to, the following:

**NOTICE**

**(1)** An action that could have been brought initially in federal court under Section 1332 is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought". 28 U.S.C. § 1441(b); see Bor. of W. Mifflin v. Lancaster, 45 F.3d 780, 785 (3d Cir. 1995) (stating "[Section] 1441(b) diversity cases have an additional obstacle to removal: a resident defendant is barred from removing to federal court"); Enviro-Gro Techs. v. Greeley & Hansen, 794 F.Supp. 558, 560 (E.D. Pa. 1992) (stating Section 1441(b) "limit[s] the right of removal where an in-state defendant is a party even though diversity of citizenship exists"). This is known as the forum-defendant rule.

A partnership is (a) an unincorporated association, and (b) deemed to be a citizen of each state in which all of the partners comprising the partnership — limited and general — are citizens. Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990); Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008). The citizenship of each partnership layer also must be traced and analyzed. Belleville Catering Co. v. Champaign Mkt. Place, 350 F.3d 691, 693 (7th Cir. 2003). One of ALP's partners — KBI Sub, Inc. ("KBI") — is deemed to be a citizen of, among other states, New Jersey. See, e.g., No. 09-3964, dkt. entry no. 1, Rmv. Not.

at 5.  Thus, ALP itself is deemed to be a citizen of, among other places, New Jersey.[1]

A limited liability company is (a) an unincorporated association, and (b) deemed to be a citizen of each state in which all of the members comprising the limited liability company — individual, non-individual, managing, and non-managing — are citizens.  Carden, 494 U.S. at 195-97; Swiger, 540 F.3d at 182.  The citizenship of each membership layer also must be traced and analyzed.  Belleville, 350 F.3d at 693.  MMLLC is a limited liability company — not a corporation — and the Removing Defendants have not properly demonstrated its citizenship.  See, e.g., No. 09-3964, dkt. entry no. 1, Rmv. Not. at 4 (alleging without more that MMLLC is organized under Colorado law with a Colorado principal place of business).  One of MMLLC's members may be deemed to be a citizen of, among other states, New Jersey, and thus MMLLC would be deemed to be a citizen of, among other states, New Jersey.  The Court assumes — and thus the separate plaintiffs should assume — that MMLLC is deemed to be a citizen of, among other states, New Jersey unless the Removing Defendants show otherwise.

---

[1]  The Removing Defendants claim that KBI is ALP's sole limited partner, but that KBI "is not a real party in interest, and has not been properly joined and served as a defendant".  See, e.g., No. 09-3964, dkt. entry no. 1, Rmv. Not. at 5.  That claim is irrelevant.  ALP is deemed to possess the citizenship of each of the partners comprising ALP, regardless of whether those partners would be "real parties in interest" if named separately.

7

A corporation is deemed to be a citizen of the state wherein it is incorporated and the state wherein it has its principal place of business.  See 28 U.S.C. § 1332(c)(1).  EKC is incorporated in New Jersey, and is thus deemed to be a citizen of, among other states, New Jersey.

Given the extent of this litigation, and out of an abundance of caution, the Court is hesitant to direct the parties to address the issue of a remand under Section 1441(b) in response to an order to show cause.  See Ayemou v. Amvac Chem. Corp., 312 Fed.Appx. 24, 30-31 (9th Cir. 2008) (vacating district court order sua sponte remanding action to state court under forum-defendant rule, even though order was issued within 30 days of removal, as (a) rule is waivable, and (b) a plaintiff's timely motion to remand on the issue, rather than a mere objection to removal, can be preferable in an action involving many parties).  The separate plaintiffs thus are **NOTIFIED** that they must timely move to remand the separate actions on this ground, upon a proper notice of motion and in accordance with the applicable procedural rules, if they seek such relief.  See, e.g., 28 U.S.C. § 1447(c).[2]

---

[2] Jurisdiction is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal".  Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 571 (2004).  The date on which the separate actions were brought in state court is the date to be used to determine citizenship.

**(2)** It does not appear that EKC has consented to removal. The Removing Defendants had to "obtain the unanimous consent of all defendants before seeking to remove the case to federal court". Step Plan Servs., Inc. v. Koresko, 219 Fed.Appx. 249, 250 (3d Cir. 2007). This is known as the rule of unanimity. The separate plaintiffs thus are **NOTIFIED** that they must timely move to remand the separate actions based on this rule, upon a proper notice of motion and in accordance with the applicable procedural rules, if they seek such relief. See, e.g., 28 U.S.C. § 1447(c). Also, the separate plaintiffs should specifically state whether EKC has been served.

**(3)** It appears that these separate actions were removed on August 10, 2009. Thus, the separate plaintiffs are **NOTIFIED** that if they wish to have the separate actions remanded to state court pursuant to (a) the forum-defendant rule, and/or (b) the rule of unanimity, then it appears that they must move for such relief — upon a proper notice of motion, in accordance with the applicable procedural rules, and in the manner discussed above — within 30 days of the removal, which appears to be Wednesday, September 9, 2009. See 28 U.S.C. § 1447(c).

**(4)** The Removing Defendants assert that ALP and EKC "are not 'parties in interest' and thus joined by fraud". E.g., No. 09-3964, dkt. entry no. 1, Rmv. Not. at 6. If the separate

9

plaintiffs move to remand under the forum-defendant rule or the rule of unanimity, then ALP and EKC should cross-move to dismiss each separate complaint insofar as asserted against them — not merely file a brief in opposition to a motion to remand — if they want the Court to consider the issue of fraudulent joinder. If they do not cross-move, then they are **NOTIFIED** that they will be deemed to concede that the issue of fraudulent joinder as to ALP and EKC is without merit.[3]

**(5)** In the event that the separate actions captioned above ultimately remain with this Court, then the parties are **NOTIFIED** that this Court may consolidate them under one docket number. See Fed.R.Civ.P. 42(a).

## ORDER TO SHOW CAUSE

**THE REMOVING DEFENDANTS** must demonstrate jurisdiction. See 28 U.S.C. § 1446(a). The Court must remand the action sua sponte if complete diversity of citizenship — and thus jurisdiction under Section 1332 — is lacking. See 28 U.S.C. § 1447(c).

**THE REMOVING DEFENDANTS** allege — without more — that MMLLC is a limited liability company organized under Colorado law with

---

[3] If the separate complaints insofar as asserted against ALP and EKC are dismissed, and MMLLC is not deemed to be a citizen of, among other states, New Jersey, then venue in New Jersey is doubtful. See 28 U.S.C. §§ 1391, 1404, 1406; Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995).

10

its principal place of business in Colorado.  See, e.g., No. 09-3964, dkt. entry no. 1, Rmv. Not. at 4.  These allegations by the Removing Defendants as to MMLLC's citizenship are "meaningless".  Preferred Merch. Hood v. Fam. Dollar, No. 06-67, 2006 WL 1134915, at *1 (D.N.H. Apr. 25, 2006); see Brown v. Walker, No. 06-218, 2008 WL 189570, at *4 (N.D. Ind. Jan. 22, 2008) (stating such allegation "says nothing" about party's citizenship).  The proper way to demonstrate the citizenship of a limited liability company is discussed supra.

**THE REMOVING DEFENDANTS** have prevented the Court from discerning whether each defendant is deemed to be a citizen of a different state in relation to each plaintiff in each of these separate actions.  See 28 U.S.C. § 1332(a)(1).  As stated supra, jurisdiction is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal".  Grupo Dataflux, 541 U.S. at 571.  The Court thus intends to remand these separate actions sua sponte for lack of jurisdiction unless the Removing Defendants properly demonstrate (1) MMLLC's citizenship as it existed on July 6, 2009, i.e., list each member, and provide supporting documentation and affidavits from those with knowledge of MMLLC's structure analyzing the citizenship of each and every member, and (2) that there is

11

jurisdiction under Section 1332 in each separate action.[4] The Removing Defendants must specifically show MMLLC's citizenship as it existed on July 6, 2009.[5]

**THE REMOVING DEFENDANTS** are cautioned against restating the allegations from the notices of removal or complaints in these separate actions. Also, a response as to where any individual member resides, is licensed, or has a place of business — as opposed to is a citizen or is domiciled — will not properly invoke the Court's jurisdiction. See Cruz v. Pennsylvania, 277 Fed.Appx. 160, 162 (3d Cir. 2008); Guerrino v. Ohio Cas. Ins.

---

[4] The Removing Defendants will refrain from asserting confidentiality for any membership layer of MMLLC. See Belleville, 350 F.3d at 693 (stating "[i]t is not possible to litigate under the diversity jurisdiction with details kept confidential from the judiciary"); Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 207 n.22 (3d Cir. 2007) (rejecting, in jurisdictional analysis, partnership's "attempts to keep the identity of its limited partners confidential insofar as possible", as "the district court must know who they are and where they are citizens and its need for that information will trump [that partnership's] policies").

[5] If the Removing Defendants have any doubt as to any party's citizenship — and thus as to jurisdiction — then the time for the Removing Defendants to clarify citizenship is now. "[T]he removal of civil actions from state court to federal court [is authorized] when the action initiated in state court is one that could have been brought, originally, in a federal district court". Lincoln Prop. Co. v. Roche, 546 U.S. 81, 83 (2005); see Seagert v. Smith, No. 03-10237, 2004 WL 539159, at *2 (E.D. Mich. Mar. 15, 2004) (stating removing defendant must show that court initially had Section 1332 jurisdiction over action).

Co., 423 F.2d 419, 421 (3d Cir. 1970).  Furthermore, a response based upon information and belief, an assertion that is not specific (e.g., citizen of "a state other than New Jersey or Alabama"), or a request for time to discern jurisdiction will result in the remand of these separate actions, as the Removing Defendants should have ascertained jurisdiction before choosing to remove these separate actions to federal court.  See S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006) (stating citizenship to be alleged "affirmatively and distinctly"); Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation that is based upon information and belief "does not convince the Court that there is diversity among the parties").  As the Removing Defendants are represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity".  CGB Occ. Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004).

**IT IS THEREFORE** on this      27th      day of August, 2009, **ORDERED** that the parties **MUST CAREFULLY REVIEW THE NOTIFICATIONS** provided herein; and

**IT IS FURTHER ORDERED** that the defendants shall **SHOW CAUSE** why the separate actions captioned above should not be remanded to state court for lack of jurisdiction under 28 U.S.C. § 1332; and

**IT IS FURTHER ORDERED** that the defendants, if responding, **MUST FILE RESPONSES** to the Order to Show Cause with the Court electronically **BY 5 P.M. ON SEPTEMBER 14, 2009**; and

**IT IS FURTHER ORDERED** that **NO ENLARGEMENTS OF TIME WILL BE GRANTED** to respond to the Order to Show Cause, even with the consent of all parties, barring extraordinary circumstances;[6] and

**IT IS FURTHER ORDERED** that if the defendants fail to respond, then they will be deemed to be in support of remand; and

---

[6] Extraordinary circumstances do not include: (1) upcoming legal or religious holidays, (2) the parties or counsel being on vacation when the Order to Show cause was issued, or upcoming vacation plans, (3) difficulty in registering for electronic filing, (4) difficulty in complying with the electronic filing rules, (5) time to conduct discovery, (6) difficulty with a computer or internet access, or (7) any purported failure to be timely notified of the Order to Show Cause.  These dates have been set accordingly.  See Freedman, 180 Fed.Appx. at 317-20 (noting district court, in sua sponte inquiry on jurisdiction, provided party only seven days to respond).

**IT IS FURTHER ORDERED** that the Order to Show Cause will be decided on **TUESDAY, SEPTEMBER 15, 2009,** or soon thereafter, without oral argument pursuant to Federal Rule of Civil Procedure 78(b).

                                                s/ Mary L. Cooper
                                          **MARY L. COOPER**
                                          United States District Judge